RENCH, ESTATE OF, In Re
WENRICK v ADAMS et

Ohio Appeals, 2nd Dist, Miami Co

Nos 342 & 343. Decided May 2, 1935

Berry & McCulloch, Piqua, for appellant and plaintiff in error.

W. A. Haines, Troy, and W. H. Gilbert, Troy, for appellees and defendants in error.

## OPINION

### By THE COURT

The above entitled cases, No. 342 on appeal and No. 343 on error involve the same subject matter. In the error case, No. 343, the court upon the call of the docket dismissed the proceedings upon the motion of counsel for defendants in error because of failure of counsel for plaintiff in error to file brief under Rule VIII of the Rules of the Court of Appeals of Ohio. Application for rehearing has been filed in this case. Counsel for plaintiff in error was in default for almost four months when the opening brief was filed. The application for rehearing as was stated in the oral presentation of the case, asserts that the question presented involved only the interpretation of a statute and that the filing of a brief was unnecessary and that the failure to file it should not be the basis for the dismissal of the proceedings in error.

We are of opinion that the question presented in this case, as in all cases, was of sufficient consequence to merit and justify the filing of a brief. Obviously there is a cause in the judgment of plaintiff in error for the institution of the proceedings and upon which reversal is sought and though the argument in behalf thereof would be brief, it should be stated on paper so that opposite counsel might know definitely what they had to meet and the court might have advantage of the brief when it came to consider the question urged. The necessity of briefs has been recognized in the rule under consideration which rule is not peculiar to this district, but is state wide in application. However, it has special application to this district, because of the fact that the court is required to move about from one county seat to another and can not consider cases which are presented at the time the court sits in the county nor until some time thereafter.

We think it not necessary to re-state the necessity which has caused this court to determine that the rule must be strictly enforced. We regret that it prevents a consideration of this case on its merits, but we can see no reason whatever which would permit us to hold that the rule should not have application in this case, unless we should make the same ruling in practically every case wherein any of counsel is in default.

Independent of the rule which is made by the Courts of Appeal of the state, there is also statutory provision which, upon strict interpretation would have justified this court in giving no consideration to the error urged in the petition, if a brief had not been filed. We refer to §12248 GC which provides:

"All errors assigned in the petition in error and **pointed out by a brief**, shall be passed upon by the court * * *. Errors not specified by brief may be disregarded, but the court, in its discretion may consider and decide errors which are not assigned or specified."

We also have for our consideration a motion to dismiss the appeal. We have given careful consideration to the question presented.

The original application for removal of the administrator, filed in the Probate Court, set out the names and the number

of heirs at law of Samuel O. Rench, deceased, who joined in the application for removal. The specific basis for removal of the administrator was that he was not a suitable person because of his relationship to the brothers of Samuel O. Rench, deceased and because he had failed to take over certain assets of the estate to administer said estate. The Probate Judge, for reasons sufficient to himself, certified the proceedings to the Common Pleas Court under §10501-9 GC and the Common Pleas Court, acting under §10501-10 GC, determined the matter presented.

Had the cause been heard and determined in the Probate Court, then by virtue of §10501-56 GC, an appeal to the Common Pleas Court would have been authorized. However, there is no specific statutory provision, if such could be made, authorizing an appeal from the Common Pleas Court to the Court of Appeals upon determination of an application to remove an administrator. We then are presented with the further question whether or not under our constitution the proceedings was in the nature of a chancery case. We are satisfied that it is not. The court in ordering the removal of the administrator acted solely upon specific statutory authority and not upon any equitable basis or consideration. The action was one strictly at law and not in chancery. The cause then, in our judgment, is not appealable and the motion to dismiss must be sustained.

The application for rehearing in the error case will be denied and the motion to dismiss the appeal will be sustained.

KUNKLE, PJ, BARNES and HORNBECK, JJ, concur.